Argued and submitted March 16, reversed and remanded April 27, 1994

P. H.,
*Appellant,*

*v.*

F. C.
and E. C.,
individually and
as husband and wife,
*Respondents.*

(9203-01718; CA A77670)

873 P2d 465

Michael S. Morey argued the cause and filed the briefs for appellant.

Nancy S. Tauman argued the cause for respondents. With her on the briefs were Kenneth Kalafut and Hibbard, Caldwell & Schultz.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Plaintiff, the 44-year-old child of defendants, brought this action alleging damages as a result of childhood sexual abuse. The trial court granted defendants' motion to dismiss on the ground that the action was barred by the then-existing version of ORS 12.117, which barred a person who had reached 40 years of age from bringing an action based on child abuse. At the time plaintiff brought her action, ORS 12.117(1) provided, in part, that

"in no event may an action based on conduct that constitutes child abuse or conduct knowingly allowing, permitting or encouraging child abuse accruing while the person who is entitled to bring the action is within 18 years of age be commenced after that person attains 40 years of age."

On June 16, 1993, plaintiff appealed the judgment of dismissal, arguing that that version of ORS 12.117 was unconstitutional. On July 8, the governor signed into law Senate Bill 234, which removed the 40-year age limitation from ORS 12.117. Section 2 of that statute now provides:

"The amendments to ORS 12.117 by section 1 of this Act [removing the age limitation] apply to all causes of action whether arising before, on or after the effective date of this Act [July 8, 1993], and *shall act to revive any cause of action barred by the operation of ORS 12.117 (1991 Edition).* Notwithstanding any other provision of law, any cause of action that was dismissed or adjudicated before the effective date of this Act based upon that provision of ORS 12.117 (1991 Edition) requiring that an action be commenced on or before the plaintiff attains 40 years of age may be brought within one year after the effective date of this Act as though the original proceeding had never been commenced." (Emphasis supplied.)

The legislation was enacted while plaintiff's case was on appeal. Assuming, without deciding, that the dismissal was not in error, the legislature specifically revived a civil cause of action that had been barred by the previous version of ORS 12.117. Plaintiff's claim is not barred by ORS 12.117.

Reversed and remanded.